Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

**No. 52615.**—Keller Tailors Trimming Co., Inc. v. United States, protest 57973–K (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoice should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on the entry. The protest was sustained to this extent.

**No. 52616.**—John Frederics, Inc. v. United States, protest 60519–K (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoice should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on the entry. The protest was sustained to this extent.

**No. 52617.**—Ellis Silver Co., Inc. v. United States, protest 61124–K (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on entries 813416 and 814708. The protest was sustained to this extent.

**No. 52618.**—The Symons Galleries, Inc. *v.* United States, protest 66127–K (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoice should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on entry 816249. The protest was sustained to this extent.

**No. 52619.**—United China & Glass Co. *v.* United States, protest 957582–G/11412 (New Orleans).

Opinion by JOHNSON, J. At the trial it was stipulated that the merchandise consists of bonbon dishes the same in all material respects as those the subject of *Butler Bros.* v. *United States* (6 Cust. Ct. 444, C. D. 512) and *United States* v. *Butler Bros.* (33 C. C. P. A. 22, C. A. D. 310). The claim at 70 percent under paragraph 212 was therefore sustained.

**No. 52620.**—Continental Machines, Inc. *v.* United States, protests 109312–K, etc. (El Paso).

Opinion by JOHNSON, J. At the trial the chemist who assayed the ore testified that he found in car SP 26736 (entry No. 656) that the moisture content was 1.2 percent; in car FCN 477 (entry No. 653) that the moisture content was 3.2 percent; and in car FCN 419 (entry No. 659) that the moisture content was 2.6 percent. It was stipulated between counsel as to the percentage of tungsten ore covered by each protest and further stipulated that no allowance for moisture, as indicated above, was made in the customs assay in each of the entries involved. In accordance with the agreed statements of fact and the uncontradicted evidence